**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1860
_____

MARY BRIDGES,
Appellant

v.

DETECTIVE JOSE M. TORRES, JR.
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-17-cv-07107)
District Judge: Honorable Joseph H. Rodriguez
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 28, 2020
_____

Before: CHAGARES, RESTREPO, and BIBAS, *Circuit Judges*.

(Filed: April 16, 2020)
_____

OPINION*
_____

_____

  * This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

RESTREPO, *Circuit Judge*.

Appellant Mary Bridges alleges that members of the City of Bridgeton Police Department's Tactical Entry Team ("Entry Team") mistakenly entered her home based on a search warrant that lacked probable cause. She asserts that the execution of the search warrant, which depended on an affidavit prepared by Detective Jose M. Torres, Jr., violated her Fourth Amendment rights as well as New Jersey law. We disagree and will affirm the District Court's grant of Torres' motion to dismiss.

**I.**

On November 16, 2015, Torres, a detective assigned to the Cumberland County Prosecutor's Office Organized Crime Bureau ("OCB"), applied for a warrant to search 12 Spruce Street in Bridgeton, New Jersey, which happened to be Bridges' residence. The OCB believed that an individual named Wayne A. McClain was distributing controlled substances from the residence. According to Torres' affidavit in support of the search warrant, a reliable confidential informant ("CI") stated that he or she knew McClain for many years and could purchase heroin from him. The CI expressed that he or she witnessed McClain distribute large quantities of narcotics from the residence in the past.

Torres arranged for the CI to complete two controlled buys of narcotics from McClain. In mid-October 2015, the CI met McClain at a prearranged location and purchased heroin. Immediately after the transaction, a surveillance team followed McClain's vehicle back to 12 Spruce Street. The second controlled buy occurred one month later. The surveillance team observed McClain enter a vehicle parked in front of the residence and drive to a prearranged location, where the CI again purchased heroin

2

from McClain. After the transaction, the surveillance team again followed McClain back to 12 Spruce Street.

Torres subsequently drafted a search warrant application. Cumberland County Superior Court Judge Robert G. Malestein granted Torres' application and issued a warrant authorizing entry into 12 Spruce Street. On November 24, 2015, the Entry Team executed the search warrant. Determining that Bridges was the only occupant, the Entry Team realized that the residence did not contain the sought-for evidence specified in the search warrant.

Bridges then filed this lawsuit against Torres. She alleges that the execution of the search warrant violated her Fourth Amendment rights and New Jersey law because it was premised on Torres' erroneous affidavit.[1] Since Bridges failed "to set forth a constitutional violation of her civil rights because the allegations sound in negligence," the District Court granted Torres' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Bridges v. Torres*, No. 1-17-cv-7101, 2019 WL 1238826, at *3 (D.N.J. Mar. 18, 2019). Bridges filed a notice of appeal on April 16, 2019.

**II.**

The District of New Jersey had jurisdiction over Bridges' claims under 28 U.S.C. §§ 1331 and 1367. We have jurisdiction over final orders of the District Court pursuant to 28 U.S.C. § 1291.

---

[1] Bridges sues under 42 U.S.C. § 1983; N.J. Stat. Ann. § 10:6-2, the New Jersey Civil Rights Act ("NJCRA"); and N.J. Stat. Ann. § 59:1-1 et seq., the New Jersey Tort Claims Act ("NJTCA").

3

We exercise plenary review over a district court's grant of a motion to dismiss for failure to state a claim. *Foglia v. Renal Ventures Mgmt.*, 754 F.3d 153, 154 n.1 (3d Cir. 2014). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Conclusory allegations and legal conclusions are not sufficient. *Id.*

"Although a district court may not consider matters extraneous to the pleadings, a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) (emphasis in original) (internal quotation marks omitted). Courts may also consider an "undisputedly authentic document" attached "as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Thus, while Bridges did not attach Torres' application to her complaint, we may consider it all the same.

### III.

An officer's affidavit supporting a search warrant is presumptively valid. *Franks v. Delaware*, 438 U.S. 154, 171 (1978). To rebut this presumption via her § 1983 and NJCRA claims,[2] Bridges must prove the following by a preponderance of the evidence:

---

[2] "Section 1983 provides a remedy against 'any person' who, under color of state law, deprives another of rights protected by the Constitution." *Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992). The New Jersey Supreme Court has noted that the

"(1) that the affiant knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant; and (2) that such statements or omissions are material, or necessary, to the finding of probable cause." *Sherwood v. Mulvihill*, 113 F.3d 396, 399 (3d Cir. 1997). "Allegations of negligence or innocent mistake are insufficient." *Franks*, 438 U.S. at 171.

Bridges presents only one fact that she claims Torres deliberately misrepresented or omitted when obtaining the warrant: that neither the police nor the CI saw McClain come or go through the doors of 12 Spruce Street. However, Torres' affidavit was clear that the police saw only that McClain came and left from a vehicle parked in front of that address. As a result, that purported omission is immaterial in context. *See Sherwood*, 113 F.3d at 399. Nor does she allege that Torres otherwise acted with reckless disregard for the truth in applying for the warrant. Therefore, the District Court correctly held that Torres did not knowingly or recklessly infringe upon Bridges' Fourth Amendment rights.

Bridges argues that Torres' affidavit failed to establish probable cause because it was based on an informant's tip lacking an adequate basis of knowledge and was uncorroborated by Torres. While noting "that it was important to evaluate an informant's veracity, reliability, and basis of knowledge, the [Supreme] Court rejected the rigid application of 'separate and independent requirements,'" and instead stressed "that probable cause could be established only by examining the 'totality of the

---

NJCRA "is modeled off of" and guided by interpretations of § 1983. *Tumpson v. Farina*, 95 A.3d 210, 223–25 (N.J. 2014).

5

circumstances.'" *United States v. Nelson*, 284 F.3d 472, 479 (3d Cir. 2002) (quoting

*Illinois v. Gates*, 462 U.S. 213, 230–31 (1983)). "[A]n affidavit relying on hearsay is not

to be deemed insufficient on that score, so long as a substantial basis for crediting the

hearsay is presented." *Gates*, 462 U.S. at 241–42 (internal quotation marks omitted).

Torres did not exclusively rely on an informant's tip or fail to present

corroborating evidence. The CI was previously reliable in other narcotics investigations,

had known McClain for many years, and witnessed McClain distribute large quantities of

narcotics from 12 Spruce Street. To confirm this information, the surveillance team

observed the CI conduct two controlled buys from McClain and followed him as he

returned to 12 Spruce Street immediately after the transactions. It was thus reasonable

for Torres to rely on information provided by the CI. *See Alabama v. White*, 496 U.S.

325, 331–32 (1990) (holding that "independent corroboration by the police" of an

informant's statements bolsters their credibility). The affidavit provided corroborating

evidence and "[s]ufficient information . . . to the magistrate . . . to determine probable

cause." *Gates*, 462 U.S. at 239.

The District Court did not err when it concluded that Bridges' allegations do not

set forth a Fourth Amendment violation. Since no Fourth Amendment violation

occurred, we will not address Torres' qualified immunity defense.[3]

---

[3] Lastly, Bridges also asserts tort claims under the NJTCA for intrusion on seclusion and negligence. Bridges abandoned these claims because she failed to "present an argument in support of those issues in [her] opening brief." *Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993). Her mention of the NJTCA in the opening brief's last sentence is "cursory treatment [that is] insufficient to preserve the issue on appeal." *Id.*

**IV.**

For the foregoing reasons, we will affirm the District Court's order granting Torres' motion to dismiss.